UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RAFAEL AGOSTO, | REPORT |
| | and |
| Plaintiff, | RECOMMENDATION |
| v. | --------------------------- |
| | DECISION |
| | and |
| JILSON, Registered Nurse, | ORDER |
| | |
| Defendant. | 12-CV-00268A(F) |

_____

APPEARANCES:    RAFAEL AGOSTO, *Pro Se*
                95-A-3133
                Upstate Correctional Facility
                Box 2001
                Malone, New York  12953

                ERIC T. SCHNEIDERMAN
                New York Attorney General
                Attorney for Defendant
                RYAN LANE BELKA
                Assistant Attorney General, of Counsel
                Main Place Tower
                Suite 300A
                350 Main Street
                Buffalo, New York  14202

## JURISDICTION

This case was referred to the undersigned by Hon. Richard J. Arcara on August

14, 2014, for all pretrial matters, including preparation of a report and recommendation

on dispositive motions.  The matter is presently before the court on Plaintiff's motion to

compel (Doc. No. 26), filed March 13, 2014, and Defendant's motion for summary

judgment (Doc. No. 38), filed August 1, 2014.[1]

---

[1] Although Plaintiff's motion to compel is nondispositive, and Defendant's motion for summary judgment is dispositive, both motions are addressed in this combined Report and Recommendation/Decision and Order in the interests of judicial economy and convenience.

## BACKGROUND and FACTS[2]

In this civil rights action, commenced pursuant to 42 U.S.C. § 1983 on April 3, 2012, Plaintiff Rafael Agosto ("Plaintiff" or "Agosto"), alleges that on April 8, 2009, while incarcerated at Southport Correctional Facility ("Southport" or "the correctional facility"), Defendant Jill Myers ("Defendant" or "Jilson"), a registered nurse formerly employed by New York State Department of Corrections and Community Supervision ("DOCCS"), at Southport, injected Plaintiff with an unknown substance to retaliate against Plaintiff for testifying at a prison discipline hearing ("the disciplinary hearing") on behalf of another inmate, one A. Nimmons ("Nimmons"), expressing concern about an inmate misbehavior report authored by Defendant.  First Claim, Complaint at 5.  Plaintiff also asserts the alleged injection was in retaliation for prior grievances Plaintiff filed against Southport's medical staff, including Defendant.  *Id.* at 6.  According to Plaintiff, the foreign substance with which Defendant injected him on April 8, 2009, caused Plaintiff to suffer headaches, dizziness, stomachaches, an irregular heartbeat, and a rash and burn marks on his face.  *Id.* at 6.  Although Defendant maintains she did not inject Plaintiff with a foreign substance on April 8, 2009, but, rather, gave Plaintiff a skin test for tuberculosis ("TB"), Plaintiff maintains that after no other TB test did he ever experience the symptoms he allegedly experienced after being injected by Defendant on April 8, 2009.  *Id.*

On April 15, 2009, Plaintiff filed an inmate grievance concerning the April 8, 2009 injection ("Inmate Grievance"), on which a Superintendent's Hearing on the facts and circumstances was held, with the hearing decision rendered on May 1, 2009.

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.

Superintendent's Hearing Decision ("Hearing Decision"), Complaint at 16.[3]  According to

the Hearing Decision, Plaintiff's inmate grievance was "investigated by the [correctional]

facility's Nurse Administrator who states: 'I have reviewed the medical folder and this

patient [Plaintiff] had a TB test on 4/6/08 which means he was due on 4/6/09, not in May

as he claims.  The test was planted on 4/8/09 and documented as read by RN DeLauro

on 4/11/09 as negative. . . .'"  Hearing Decision at 1.  The inmate grievance was denied

for lack of sufficient evidence substantiating any malfeasance by the DOCCS

employees referenced in the grievance.  *Id.*  The Hearing Decision was upheld upon

Plaintiff's appeal to the Inmate Grievance Program Central Officer Review Committee

("CORC") ("CORC Decision"), Complaint at 15.  In upholding the Hearing Decision,

CORC noted that because the nurse who read the April 8, 2009 TB test results failed to

enter the results into Plaintiff's computer generated medical records, Plaintiff was given

a second TB test on May 5, 2009, which was read on May 7, 2009.  CORC Decision.

On April 3, 2012, Plaintiff commenced the instant action alleging Defendant, by

injecting him on April 8, 2009 with an unknown foreign substance causing Plaintiff

physical suffering, to retaliate against Plaintiff for testifying on behalf of Nimmons

against whom Defendant had filed an inmate misbehavior report, violated Plaintiff's

constitutional rights under the First and Eighth Amendments.  Defendant's answer was

filed July 15, 2013.

On March 13, 2014, Plaintiff filed a motion to compel discovery. (Doc. No. 26)

("Plaintiff's motion").  On April 1, 2014, Defendant filed the Declaration of Assistant

Attorney General Benjamin K. Ahlstrom ("AAG Ahlstrom"), in Opposition to Plaintiff's

Motion to Compel (Doc. No. 29) ("Defendant's Response"). In further support of his

---

[3] The date of the Superintendent's Hearing is not indicated.

motion, Plaintiff filed on April 14, 2014, his Reply and Object [*sic*] Declaration in

Opposition to Plaintiff Motion to Compel Issued by A.A.G. Benjamin K. Ahlstrom on April

1, 2014 (Doc. No. 31) ("Plaintiff's Reply).

On August 1, 2014, Defendant filed a motion seeking summary judgment (Doc.

No. 38) ("Defendant's motion"), supported by the attached Memorandum of Law in

Support of Defendant's Motion for Summary Judgment (Doc. No. 38-1) ("Defendant's

Memorandum"), and Defendant's Statement of Undisputed Material Facts (Doc. No. 38-

2) ("Defendant's Statement of Facts"), and the separately filed Declaration of Jill (Jilson)

Myers in Support of Defendant's Motion for Summary Judgment (Doc. No. 39)

(Defendant's Declaration"), attaching exhibits A through C (Doc Nos. 39-1 through 39-3)

("Defendant's Exh(s). __"), and the Declaration of AAG Ahlstrom in Support of

Defendant's Motion for Summary Judgment (Doc. No. 40) ("AAG Ahlstrom

Declaration"), attaching exhibits A and B (Docs. Nos. 40-1 and 40-2) (AAG Ahlstrom

Exh(s). __").  In Opposition to summary judgment, Plaintiff filed on August 8, 2014 a

Declaration (Doc. No. 46) ("Plaintiff's Response").  On September 23, 2014, Defendant

filed the Reply Memorandum of Law in Further Support of Defendant's Motion for

Summary Judgment (Doc. No. 49) ("Defendant's Reply").  Plaintiff filed a sur-reply on

October 2, 2014 (Doc. No. 50) ("Plaintiff's Sur-Reply").  Oral argument was deemed

unnecessary.

Based on the following, Plaintiff's motion is DISMISSED as moot; Defendant's

motion should be GRANTED and the Clerk of the Court should be directed to close the

file.  Alternatively, Defendant's motion should be DENIED insofar as Defendant asserts

she is qualifiedly immune from liability on Plaintiff's claims.

**DISCUSSION**

**1.     Plaintiff's Motion to Compel**

In his motion seeking to compel discovery, Plaintiff asserts that an evidence packet sent by Defendant in response to Plaintiff's Requests for Production was missing Bates numbered pages 1 through 20.  Plaintiff's Motion ¶ 1.  In opposition to Plaintiff's motion, Defendants maintains the missing pages were re-sent to Plaintiff on March 5, 2014.  Defendant's Response ¶ 5.  Plaintiff admits receiving Bates numbered pages "000001 to 000020 on April 11, 2014 for the first time."  Plaintiff's Reply Declaration ¶ 4.  Accordingly, Plaintiff's motion (Doc. No. 26) is DISMISSED as moot.

**2.     Summary Judgment**

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  The court is required to construe the evidence in the light most favorable to the non-moving party.  *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment.  *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party"). "A fact is material if it 'might affect the outcome of the suit under governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)). A defendant is entitled to summary judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on'" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Group, Inc., Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)). Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995). "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

Insofar as Defendants are alleged to have violated Plaintiff's civil rights, pursuant to 42 U.S.C. § 1983, an individual may seek damages against any person who, under color of state law, subjects such individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. Section 1983, "allows an action against a 'person who, under color of any

6

statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to

be subjected, any citizen of the United States . . . to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws.'" *Patterson v. County of*

*Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983).  Section

1983, however, "'is not itself a source of substantive rights.'"  *Patterson*, 375 F.3d at 225

(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  Rather, § 1983 "merely

provides 'a method for vindicating federal rights elsewhere conferred'. . . ." *Id.*  The

elements of a § 1983 claim include (1) the deprivation of a federal constitutional or

statutory right, and (2) by a person acting under color of state law.  *Velez v. Levy*, 401

F.3d 75, 84 (2d Cir. 2005) (citing *Gomez v. Taylor*, 466 U.S. 635, 640 (1980)).  Thus,

"[t]he first step in any such claim is to identify the specific constitutional right allegedly

infringed."  *Id.*  (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker*, 443

U.S. at 140).

Here, Plaintiff alleges Defendant violated his constitutional rights under the First

and Eighth Amendments by injecting him with an unknown substance that caused

Plaintiff physical suffering to retaliate against Plaintiff for testifying on behalf of Nimmons

against whom Defendant had filed an inmate misbehavior report accusing Nimmons of

masturbating inside his cell.  In support of summary judgment, Defendant argues the

record is devoid of any evidence supporting (1) that on April 8, 2009, Plaintiff received

anything other than a routine tuberculosis skin test ("TST"), consisting of  an intradermal

injection of tuberculin material, purified protein derivative ("PPD"), Defendant's

Memorandum at 2, 4, 5; Defendant's Declaration ¶ 5; (2) any causal connection

between Plaintiff's protected speech in testifying at another inmate's disciplinary hearing

and Defendant's alleged unlawful conduct given that the April 8, 2009 injection occurred the day before Plaintiff's subject disciplinary hearing testimony on April 9, 2009, *id.* at 2-3, 4, 5-6; or (3) that Defendant had any knowledge of the other purported grievances Plaintiff filed against Southport's medical staff, *id.* at 3, 4, 6.   Defendant alternatively argues she is qualifiedly immune from liability on Plaintiff's claims.   *Id.* at 7-8.   In opposition to summary judgment, Plaintiff asserts that the transcript of Plaintiff's deposition taken by Defendant in connection with this action has been altered by the stenographer and AAG Ahlstrom and, as such, is flawed.   Plaintiff's Response ¶ 2.   In further support of summary judgment, Defendant argues Plaintiff has essentially failed to offer any argument in opposition to summary judgment because even if, as Plaintiff asserts, AAG Ahlstrom and the stenographer had altered the transcript of Plaintiff's deposition, Defendant does not rely in support of summary judgment on the three pages of the deposition transcript Plaintiff maintains were altered, such that Plaintiff's argument establishes only a collateral issue that should not bar summary judgment. Defendant's Reply at 1-2.   Defendant further maintains that Plaintiff's objection to the entire deposition transcript based on the asserted manipulation of only three pages fails to comply with Fed.R.Civ.P. Rule 30(e)(1)(B)'s requirement that Plaintiff submit a signed statement listing his changes and the reasons for them.   *Id.*   In further opposition to summary judgment, Plaintiff reiterates his bald objections to Defendant's statements in support of summary judgment.   Plaintiff's Sur-Reply ¶ 1.

Preliminarily, the court addresses Defendants' argument, Defendants' Reply at 1, that the court should grant summary judgment based on Plaintiff's failure to submit the required a response to Defendant's Statement of Facts or a Memorandum of Law as

required by the Local Rules of Civil Procedure, W.D.N.Y. Rule 56(a)(2)-(3).

Fed.R.Civ.P. 83, as relevant, provides that a "local rule imposing a requirement of form

must not be enforced in a way that causes a party to lose any right because of a

nonwillful failure to comply." Fed.R.Civ.P. 83(a)(2). *See Buck v. Cleary*, 345 Fed.Appx.

660, 662 (2d Cir. Sept. 14, 2009) (finding district court abused discretion in deeming

admitted defendants' statement of material facts based on plaintiff's failure to separately

respond to each stated fact as required under applicable local rule, and vacating in the

absence of any evidence that the failure to comply was willful, and remanding that

portion of judgment based on such deemed admitted facts). Similarly, in the instant

case, nothing in the record establishes Plaintiff's failure to formally comply with Local

Rule 56 was willful. Accordingly, the court, in the exercise of its discretion, should not

grant summary judgment based on such failure.

Insofar as Defendant maintains, Defendant's Memorandum at 7-8, that she is

qualifiedly immune from liability in this action, "[q]ualified immunity shields government

officials from civil suits for damages 'insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have

known." *Id*. In determining whether a particular rights was, at the time of the incident in

question, clearly established, the court considers

> "three factors: (1) whether the right in question was defined with 'reasonable
> specificity'; (2) whether the decisional law of the Supreme Court and the
> applicable circuit court support the existence of the right in question; and (3)
> whether under preexisting law a reasonable defendant official would have
> understood that his or her acts were unlawful."

*Id.* (quoting *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991)).

"[E]ven where the law is 'clearly established' and the scope of an official's permissible conduct is 'clearly defined,' the qualified immunity defense also protects an official if it was 'objectively reasonable' for him at the time of the challenged action to believe that his acts were lawful." *Id.* at 169-70 (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).  Whether a right was clearly established at the relevant time is a matter of law, while "whether a defendant official's conduct was objectively reasonable, *i.e.*, whether a reasonable official would reasonably believe his conduct did not violate a clearly established right, is a mixed question of law and fact." *Id.* at 170.  Furthermore, "'[a]lthough a conclusion that the defendant official's conduct was objectively reasonable as a matter of law may be appropriate where there is no dispute as to the material historical facts, if there is such a dispute, the factual questions must be resolved by the factfinder.'" *Id.* (quoting *Kerman v. City of New York*, 374 F.3d 93, 108-09 (2d Cir. 2004)).

Here, Defendant would not be shielded from liability in this action based on qualified immunity.  In particular, it was well-established by April 8, 2009, the date on which Plaintiff maintains Defendant injected him with an unknown substance to retaliate against Plaintiff's testifying at another inmate's disciplinary hearing based on an inmate misbehavior report Defendant authored against such inmate that Plaintiff was protected by the Eighth Amendment against the purposeful and unnecessary infliction of serious bodily harm, *see Kingsley v. Bureau of Prisons*, 937 F.2d 26, 31 (2d Cir. 1991) ("after incarceration, only the unnecessary and unwanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment" (ellipses in original; internal quotation marks and citations omitted), as well as by the First Amendment

against retaliation for exercising his right to free speech.  *See Bennett v. Goord*, 343

F.3d 133, 137-38 (2d Cir. 2003) (denying summary judgment on inmate plaintiff's First

Amendment retaliation claim where plaintiff alleged he was transferred to maximum

security prison in retaliation for having successfully settled prior lawsuit against

corrections officers).  As such, Defendant could not reasonably have believed injecting

Plaintiff with an unknown substance to cause him physical harm in retaliation for giving

disciplinary hearing testimony would not have violated Plaintiff's First and Eighth

Amendment.  Accordingly, Defendant's motion for summary judgment should be

DENIED as to the alternative qualified immunity argument.  Nevertheless, the record

establishes no genuine issue of material fact upon which a reasonable jury could find in

favor of Plaintiff so as to avoid summary judgment.

First, as Defendant argues, the record establishes the subject injection by

Defendant was given to Plaintiff on April 8, 2009, the day before Plaintiff testified on

April 9, 2009, in the disciplinary hearing for the inmate against whom Defendant had

filed an inmate misbehavior report.  *See* Complaint at 5 (alleging Defendant, in

retaliation against Plaintiff for testifying at inmate's disciplinary hearing held on inmate

misbehavior report authored by Defendant, injected Plaintiff on April 8, 2009, with

unknown substance injuring Plaintiff); Hearing Decision at 1 (reporting TB test was

"planted" on April 8, 2009); Inmate Grievance at 1, 2, 3, and 5 (asserting Defendant

injected Plaintiff with an unknown substance on April 8, 2009); Plaintiff's Dep. Tr.[4] at 16

---

[4] References to "Plaintiff's Dep. Tr." are to the page of the transcript of Plaintiff's deposition given in
connection with this action, filed as AAG Ahlstrom Dec. Exh. A.

(asserting the subject injection was given on April 8, 2009); Disciplinary Hearing Tr.[5] at

1, 3 (establishing the disciplinary hearing was held on April 9, 2009).   This is consistent

with Defendant's averments that she did not inject Plaintiff with a "foreign substance" on

April 8, 2009, but did give Plaintiff a routine TST consisting of an intradermal injection of

PPD that was "planted" on April 8, 2009, which was before Plaintiff's testimony at

Nimmons's disciplinary hearing.   Defendant's Declaration ¶¶ 5, 7, 9.   Defendant also

avers Plaintiff's testimony at Nimmons's disciplinary hearing was not adverse to her in

any way.   *Id.* ¶ 12 (citing Disciplinary Hearing Tr. at 4-5 (Plaintiff testifying he could not

see inside Nimmons's cell and did not hear Defendant say anything to Nimmons about

masturbating)).   Defendant maintains that insofar as Plaintiff asserts Defendant was

retaliating against Plaintiff for previous grievances Plaintiff had filed against Southport's

medical staff, Defendant is unaware of such grievances or whether she was involved in

the matters grieved.   *Id.* ¶ 13.   Nor, significantly, does Plaintiff assert Defendant, prior to

the alleged injection, was aware Plaintiff was scheduled to testify against her at

Nimmons's April 9, 2009 disciplinary hearing.

Defendant further asserts that the injuries Plaintiff claims he suffered after April 8,

2009, including headaches, dizziness, stomachaches, an irregular heartbeat, and burn

marks on his forehead, are unsupported by Plaintiff's medical record.   Defendant's

Declaration ¶¶ 14-20 (citing Plaintiff's Medical Records[6]).   Significantly, Plaintiff's

Medical Records establish that on May 4, 2009, Plaintiff refused to attend a medical

appointment.   Medical Records, Bates No. 155.   On May 19, 2009, RN DeLauro

---

[5] References to "Disciplinary Hearing Tr." are to the page of the transcript of the disciplinary hearing held with regard to the inmate misbehavior report Defendant wrote against Nimmons and at which Plaintiff testified, which is filed in redacted form as Defendant's Exh. B.

[6] The relevant portions of Plaintiff's Medical Records are filed under seal as Defendant's Exh. C.

examined Plaintiff who complained of a rash, stating the rash began before the second

TST test on May 5, 2009, but then asserting the rash appeared after the May 5, 2009

TST.  *Id.*, Bates No. 156.  RN DeLauro further noted Plaintiff had not made any sick call

request after the May 5, 2009 TST, and that "further assessment was not possible

because of [Plaintiff's] uncooperative attitude."  *Id.*  At a June 4, 2009 medical

appointment, Plaintiff complained of a rash on his forehead, but the medical examiner

observed "no rash redness" and assessed Plaintiff with "normal skin."  *Id.*, Bates No.

155.

Defendant has thus made a properly supported showing of the absence of any

genuine issue of fact and shifted the burden to Plaintiff to submit evidence sufficient to

support a jury verdict in his favor, on an essential element of his claim.  *In re Omnicom*

*Group, Inc., Sec. Litig.*, 597 F.3d at 509.  Plaintiff, however, has failed to do so; rather,

Plaintiff's opposition to summary judgment consists of bald, conclusory challenges to

Defendant's papers.  *See* Plaintiff's Response ¶ 1 (asserting he "object[s]" and

[reject[s]" Defendant's papers filed in support of summary judgment, including Docs.

Nos. 38, 38-1, 38-2, 39, 39-1, 39-2, 40, 40-1, and 40-2); Plaintiff's Sur-Reply ¶ 1 (same

with regard Defendant's papers filed in further support of summary judgment, including

Docs. Nos. 49 and 49-1).  Plaintiff's bald, conclusory statements submitted in opposition

to summary judgment opposing Defendant's papers, however, are insufficient to raise a

genuine issue of material fact to avoid summary judgment.  *Hayes*, 84 F.3d at 619

(factual issues asserted in affidavit opposing summary judgment motion not genuine

issues for trial); *Goenaga*, 51 F.3d at 18 (nonmoving party must provide evidence

sufficient to support a jury verdict in its favor to avoid summary judgment).  Accordingly,

summary judgment should be GRANTED in favor of Defendant.


## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to compel (Doc. No. 26) is DISMISSED

as moot; Defendant's motion for summary judgment (Doc. No. 38), should be

GRANTED and the Clerk of the Court should be directed to close the file; alternatively,

Defendant's motion should be DENIED on the qualified immunity ground.

SO ORDERED as to Plaintiff's
Motion to Compel.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Respectfully submitted, as to Defendant's motion
for summary judgment,


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      March 26, 2015
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn*,  474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*,  892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*,  838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and the attorneys for the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 26, 2015
                 Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing a notice of appeal within 14 days of the filing of this Decision and Order pursuant to Fed.R.Civ.P. 72(a).**